NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1029
(Serial No. 09/877,159)

IN RE DAVID M. BAGGETT

<u>Denis G. Maloney</u>, Fish & Richardson P.C., of Boston, Massachusetts, argued for appellant.  With him on the brief were <u>Thomas A. Brown</u> and <u>Tonya Drake</u>.

<u>Sydney O. Johnson, Jr.</u>, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for the Director of the United States Patent and Trademark Office.  With him on the brief were <u>Raymond T. Chen</u>, Solicitor, and <u>Shannon M. Hansen</u>, Associate Solicitor.  Of counsel were <u>William LaMarca</u> and <u>Thomas L. Stoll</u>, Associate Solicitors.

Appealed from:  United States Patent and Trademark Office
                         Board of Patent Appeals and Interferences

# United States Court of Appeals for the Federal Circuit

2009-1029
(Serial No. 09/877,159)

IN RE DAVID M. BAGGETT

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED:  June 16, 2009
_____

Before GAJARSA, PLAGER, and LINN, Circuit Judges.

LINN, Circuit Judge.

David M. Baggett ("Baggett") appeals from a decision of the Board of Patent Appeals and Interferences ("Board") rejecting as obvious forty-nine of the fifty pending claims of his U.S. Patent Application No. 09/877,159.  Ex Parte Baggett, No. 2007-2648 (B.P.A.I. Mar. 10, 2008), reh'g granted-in-part (July 10, 2008).  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).  Because we conclude that substantial evidence supports the Board's findings and that claims 1-8, 10-19, 21-28, 30-40, 42-46, and 52-55 are obvious, we affirm the Board's rejection of those claims.  However, because the Board's acknowledged error concerning the claim term "memoization" also affects claims 20, 29, and 41, we vacate the Board's rejections of those claims and remand for further proceedings consistent with this opinion.

Baggett's application relates to producing "constructed" fares for multi-step airline flights.  Baggett argues that the Board erred because the claimed steps of "determining

interior cities that appear with gateway cities in arbitraries," "determining a second set of interior cities," and "accessing a . . . hash table by an airline, interior-city pair" are not disclosed in the prior art. The Board found these limitations disclosed in U.S. Patent Application No. 2002/0178034 A1 (Nov. 28, 2002), Airline Tariff Publishing Co., ATPCO Construction Manual (1995), Jean-Paul Tremblay & Paul G. Sorenson, An Introduction to Data Structures with Applications (2d ed. 1984), and Gio Wiederhold, File Organization for Database Design (1987). Baggett, slip op. at 4. We have reviewed the portions of the references cited by the Board. We conclude that substantial evidence supports the Board's findings that each disputed limitation is present in at least one of the references and that the Board's opinion contained "articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 418 (2007) (quoting In re Kahn, 441 F.3d 977, 988 (Fed. Cir. 2006)). Thus, we affirm the Board's rejection of claims 1-8, 10-19, 21-28, 30-40, 42-46, and 52-55.

We agree with Baggett, however, that the Board erred by sustaining the rejection of claims 20, 29, and 41, each of which includes the claim term "memoization." Before the Board, Baggett requested reconsideration of the rejection of all claims—including claims 9, 20, 29, and 41—and Baggett argued that the examiner and the Board had misread the claim term "memoization" as "memorization." The Board agreed that the examiner had not shown that "memoization" was disclosed in the prior art, but the Board reversed only the rejection of claim 9. The Board gave no independent rationale for sustaining the rejection of claims 20, 29, and 41, and it concedes that the proper

remedy is to remand.  We agree.  We therefore <u>vacate</u> the Board's decision as to claims 20, 29, and 41, and we <u>remand</u> for further proceedings consistent with this opinion.

COSTS

Each party shall bear its own costs.